UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YPH LLC,<br><br>                         Plaintiff,<br><br>-*against*-<br><br>THERALINK TECHNOLOGIES, INC.,<br><br>                         Defendant. | Case No. _____<br><br>COMPLAINT |

       YPH LLC ("YPH") by its attorneys, Olshan Frome Wolosky LLP, for its Complaint against Theralink Technologies, Inc. ("Theralink" or the "Company") states as follows:

### Introduction

       1.     This action arises out of Theralink's breach of its Certificate of Designation for Series C-1 Convertible Preferred Stock (the "Certificate of Designation"), and more specifically, its failure to honor a conversion notice submitted by plaintiff YPH.

### Jurisdiction and Venue

       2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is an action between citizens of different States, and the amount in controversy exceeds the sum or value of $75,000. Venue is proper as all parties have agreed that any action to enforce the Certificate of Designation shall be brought solely in the state or federal courts located in New York County, New York.

### The Parties

       3.     Plaintiff YPH is a limited liability company organized under the laws of Texas, with an address in Irving, Texas. For diversity purposes, YPH is a citizen of the States of Texas and Florida where its members reside.

4. Defendant Theralink is a corporation organized under the laws of the State of Nevada, with its principal place of business in Golden, Colorado. For diversity purposes, Theralink is a citizen of the States of Nevada and Colorado.

## The Breach of the Certificate of Designation

5. On or about June 5, 2020, plaintiff YPH received 308.943 shares of Series C-1 Convertible Preferred Stock (the "Preferred Shares") in exchange for Senior Notes and Warrants that it held in defendant, which was then named OncBioMune Pharmaceuticals, Inc. A copy of the Certificate of Designation is annexed on Exhibit A. The Preferred Shares had one key feature: They were convertible into common stock at $0.0275 per share. The Preferred Shares were not otherwise entitled to dividends or distributions. In September 2020, defendant changed its name to Theralink.

6. On October 20, 2021, plaintiff YPH tendered a Conversion Notice to defendant to convert all of its Preferred Shares into common stock in accordance with the terms of the Certificate of Designation. A copy of the Conversion Notice is annexed as Exhibit B. The Preferred Shares had a "stated value" under the Certificate of Designation of $138,8222,435. Pursuant to the terms of the Certificate of Designation, plaintiff was entitled to receive 46,724,145 shares of Theralink common stock. These shares then had a value in excess of $100 million.

7. Under Section 5(c)(i) of the Certificate of Designation, defendant was required, among other things, to instruct its transfer agent within two trading days to issue the common stock due to YPH through the DTC's electronic transfer system for immediate delivery. Defendant has failed to issue any shares.

8. Defendant requested plaintiff to obtain an opinion letter from an attorney to support the issuance of common stock pursuant to SEC Rule 144. Though such a letter was not needed,

plaintiff provided one in order to obtain the shares before the market declined further. On November 23, 2021, plaintiff delivered an opinion letter, which defendant acknowledged sufficient. But defendant has still failed to deliver the shares of common stock owed to plaintiff.

## FIRST CAUSE OF ACTION
(Breach of Contract)

9. Plaintiff repeats the allegations in paragraphs 1 to 8 above.

10. The Certificate of Designation is a valid agreement between YPH and Theralink.

11. The Agreement provides that it shall be construed and enforced in accordance with the laws of the State of Nevada without regard to principles of conflicts of law.

12. Theralink has breached its obligation to YPH under the Certificate of Designation.

13. Plaintiff YPH has performed all of its obligations under the Certificate of Designation.

14. As a direct result of Theralink's breach of the Certificate of Designation, YPH has been damaged in the amount of at least $100 million. Plaintiff is entitled to an award of attorneys fees pursuant to Section19 of the Certificate of Designation.

## SECOND CAUSE OF ACTION
(Specific Performance)

15. Plaintiff repeats the allegations in paragraphs 1 to 8 above.

16. The Certificate of Designation is a valid agreement between YPH and Theralink.

17. The Agreement provides that it shall be construed and enforced in accordance with the laws of the State of Nevada without regard to principles of conflicts of law.

18. Theralink has breached its obligation to YPH under the Certificate of Designation.

19. Plaintiff YPH has performed all of its obligations under the Certificate of Designation.

20. Plaintiff YPH has no adequate remedy at law.

21. Based on the forgoing YPH is entitled to a decree of specific performance directing Theralink to deliver all shares due under the Conversion Notice. Plaintiff is entitled to an award of attorneys fees pursuant to Section 19 of the Certificate of Designation.

WHEREFORE, Plaintiff YPH prays that the Court enter judgment in favor of YPH and against Theralink as follows:

A. Awarding damages in an amount to be determined at trial, now estimated to exceed $100 million, plus interest and costs.

B. Alternatively, granting a decree of specific performance;

C. Granting plaintiff an award of attorneys fees; and

D. Granting such other relief as the Court deems just and proper.

Dated: New York, New York
December 10, 2021

OLSHAN FROME WOLOSKY LLP

By: *Thomas J. Fleming*
Thomas J. Fleming
*Attorney for Plaintiff*
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

6078510-1